JS - 6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| **DARREGUS T. ROBINSON,** ) | Case No.   EDCV 14-1318-CJC(AJW) |
|  ) | |
|              Petitioner,     ) | MEMORANDUM AND ORDER |
|  ) | TRANSFERRING ACTION |
| v.                           ) | |
|  ) | |
| **UNITED STATES OF AMERICA,** ) | |
|  ) | |
|              Respondent.     ) | |
| _____) | |

    Petitioner was convicted and sentenced in the United States District Court for the Northern District of Florida (Case No. 3:06CR442/LC). Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the sentence imposed by the District Court.  In particular, petitioner alleges that (1) the District Court erroneously imposed multiple sentences based upon one indictment; (2) the District Court erroneously imposed multiple sentences based upon offenses that occurred in a "single common scheme;" (3) the District Court erroneously sentenced petitioner as an armed career offender; and (4) petitioner received ineffective assistance of counsel during his sentencing hearing. [Petition at 13-

18].[1]

A motion pursuant to 28 U.S.C. § 2255 generally provides the exclusive means by which a federal prisoner may test the legality of detention. Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012), cert. denied, 133 S.Ct. 1264 (2014); Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir.), cert. denied, 555 U.S. 911 (2008). Further, challenges to the legality of a conviction or sentence must be brought in the sentencing court, while challenges to the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court. Muth v. Fondren, 676 F.3d 815, 818 (9th Cir.), cert. denied, 133 S.Ct. 292 (2012); Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).

There is a limited exception to this general rule. A federal prisoner may file a habeas corpus petition under § 2241 to challenge the legality of a sentence if the prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This exception is referred to as the "savings clause" or the "escape hatch." Hernandez, 204 F.3d at 864 n. 2; see Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006). The exception is "narrow" and does not apply "merely because § 2255's gatekeeping provisions," such as the statute of limitation or the limitation on

---

[1] The petition originally was filed in the United States District Court for the Northern District of Florida, but was transferred to this Court on June 25, 2014. The transfer was based upon petitioner's mislabeling the action as one brought pursuant to 28 U.S.C. § 2241. As the order transferring the case properly noted, § 2241 petitions are properly raised in the district of confinement, and petitioner is currently incarcerated in the United States Penitentiary Victorville, is located in the Central District of California. Nevertheless, as explained below, the action is more correctly construed as a motion pursuant to 28 U.S.C. § 2255.

successive petitions, prevent the courts from considering a § 2255 motion. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.), cert. denied, 540 U.S. 1051 (2003). It applies only if a petitioner (1) makes a claim of actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim. Stephens, 464 F.3d at 898.

Petitioner's claims challenge the legality of his sentence, so they must be raised in a § 2255 motion unless the savings clause applies. Petitioner does not allege, and nothing in the record suggests, that his remedies under § 2255 are inadequate or ineffective. Nor does petitioner allege that he is actually innocent, so the Court need not consider whether petitioner had an "unobstructed procedural shot" at presenting such a claim. See Alaimalo v. United States, 645 F.3d 1042, 1049 (9th Cir. 2011).

Because the petition is properly construed as a § 2255 motion, and because petitioner has not demonstrated that the savings clause or escape hatch applies, this Court lacks jurisdiction to consider petitioner's claims. See Hernandez, 204 F.3d at 865. Where, as here, a district court lacks jurisdiction over a civil action, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed...." 28 U.S.C. § 1631; see Cruz-Aguilera v. INS, 245 F.3d 1070, 1074 (9th Cir. 2001) ("The federal transfer statute is applicable in habeas proceedings."). Further, transfer "will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990) (quoting Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962) (discussing transfer under 28 U.S.C. § 1631, which contains the same

interest of justice requirement as 28 U.S.C. § 1406(a))).

    For the foregoing reasons, the petition is transferred to the United States District Court for the Northern District of Florida.

**It is so ordered.**

Dated: July 14, 2014

Cormac J. Carney
United States District Judge